UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THOMAS COATS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUHAMMAD CHAUDHRI, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-02032-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENAS (ECF No. 23)<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR MODIFICATION OF DISCOVERY AND SCHEDULING ORDER (ECF No. 25)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 27)<br><br>ORDER REGARDING PLAINTIFF'S MOTION REQUESTING COURT RULINGS (ECF No. 29)<br><br>**Discovery Deadline (including for filing any motions to compel):** July 15, 2016<br><br>**Dispositive Motion Deadline:** November 11, 2016 |

**I.    Introduction**

Plaintiff William Thomas Coats ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's complaint against Defendants Dr. Chaudhri and John Doe emergency medical staff for

1

deliberate indifference to serious medical needs in violation of the Eighth Amendment. These claims arise out of a May 9, 2013 liver biopsy performed on Plaintiff by Defendant Chaudhri at the prison hospital in Corcoran State Prison. Plaintiff alleges that the procedure was "botched" and he was subsequently "returned to [his] prison cell to bleed to death and die." (ECF No. 23, p. 2.)

Currently pending before the Court are several motions, as follows: (1) Plaintiff's motion to quash subpoenas for medical records, (ECF No. 23), opposed by Defendant Chaudhri, (ECF No. 24); (2) Defendant Chaudhri's motion to modify deadlines set by discovery and scheduling order, (ECF No. 25), opposed by Plaintiff, (ECF No. 26); and (3) Plaintiff's Motion to Compel responsive answers to Plaintiff's interrogatories, (ECF No. 27), opposed by Defendant Chaudhri, (ECF No. 28). The time for filing any replies to the oppositions to these motions has passed, and none were filed. The motions are deemed submitted. Local Rule 230(l).

Plaintiff also filed a motion requesting rulings on these pending motions, or requesting to be informed of any rulings that may have occurred which he was not informed about. (ECF No. 29.) The Court clarifies for Plaintiff that it has not previously ruled on these motions, but it will do so now, as set forth below.

## II.     Plaintiff's Motion to Quash Subpoenas

Plaintiff first moves to quash Defendant Chaudhri's subpoenas for Plaintiff's medical records, except to the extent that Plaintiff agrees that certain records are relevant. (ECF No. 23.) On May 13, 2015, Defendant Chaudhri served subpoenas on Mercy Hospital of Bakersfield, (ECF No. 24-1, pp. 4-7), and Corcoran State Prison, (ECF No. 24-1, pp. 12-14), requesting any and all of Plaintiff's medical records from May 10, 2010 through the present. Plaintiff contends that only his records from May 9, 2013 through May 24, 2013 are relevant to this matter, and the subpoenas should be quashed to the extent they seek other records. (ECF No. 23, p. 4.) In support, Plaintiff argues that the relevant incidents in this matter are the liver biopsy performed by Defendant Chaudhri on May 9, 2013, and his subsequent emergency treatment and hospitalization that ended on May 24, 2013. (Id.)

### A.     Legal Standard

Defendant issued the subpoenas duces tecum to the two non-parties here pursuant to Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45(a)(1)(D) ("A command in a subpoena to produce

2

documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.") "A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or file a motion to quash" pursuant to Fed. R. Civ. P. 45(c)(3)(A). Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005); see also Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014); Springbrook Lenders v. Northwestern Nat. Ins. Co., 121 F.R.D. 679, 680 (N.D. Cal. 1988).

Rule 45(c)(3)(A) sets forth the bases for a court to quash or modify a subpoena. It provides, in pertinent part:

> [o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person who is not a party ... to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business ..., or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A). "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." Moon, 232 F.R.D. at 637 (citing Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter, 211 F.R.D. 658, 662 (D. Kan. 2003)). That is, the consideration of undue burden under the rule requires the Court to weigh the burden of the subpoenaed party against the requested information's relevancy, need of the serving party for the information, the breadth of the information requested, the time period covered by the request, and the particularity with which the request is made. See id.

**B.     Discussion**

In this case, Plaintiff seeks compensatory and punitive damages against Defendant Chaudhri for his alleged pain and injuries that Defendant Chaudhri was indifferent to, and that Plaintiff claims almost resulted in his death. Thus, Plaintiff has placed his medical condition at issue, and Defendant Chaudhri is entitled to discover Plaintiff's medical records to the extent that they are relevant to the claims and defenses in this matter.

Defendant Chaudhri notes that Plaintiff specifically alleges that the biopsy should not have been performed because it was not needed to receive the Hepatitis-C treatment Plaintiff sought and because it was not recommended by any other doctors, that Plaintiff was nevertheless "blackmailed" into doing the procedure by his then primary care physician, Dr. Sao, and that Plaintiff sustained severe blood loss from the liver biopsy, requiring a hospitalization. (ECF No. 1, pp. 4, 11-12.) Thus, Defendant Chaudhri argues that Plaintiff's records preceding the May 2013 biopsy and concerning his subsequent hospitalization and treatments are relevant to his allegations. (ECF No. 24, p. 3.) Furthermore, Defendant Chaudhri argues that the records could reveal any pre-existing or unrelated medical conditions that made Plaintiff prone to excessive bleeding or vulnerable to injury during a routine biopsy procedure. (Id.) Finally, Defendant Chaudhri contends the records will allow him to otherwise prepare a defense regarding Plaintiff's claimed injuries, including by preparing for a deposition and serving additional discovery. (Id.)

The Court finds that Defendant Chaudhri's subpoenas for Plaintiff's medical records, encompassing a period of two years prior and two years subsequent to the May 2013 biopsy, are reasonably limited to a relevant period of time, and request information relevant to the claims and defenses in this matter. Plaintiff's own allegations specifically put at issue his medical condition prior to the biopsy, any recommendations and diagnoses by his physicians, and his alleged injuries resulting from the procedure. Defendant Chaudhri's subpoenas seek the medical records that may contain this information. Defendant Chaudhri has also shown that his potential defenses involve issues which are likely to be found in Plaintiff's medical records from before and after the procedure. For these reasons, Plaintiff's motion to quash the subpoenas is DENIED.

**III.    Defendant's Motion to Modify Deadlines Set by Discovery and Scheduling Order**

Prior to the close of discovery in this matter, Defendant Chaudhri filed a motion to extend the discovery deadline in this matter, and to extend the deadline for filing pre-trial dispositive motions. (ECF No. 25.) He seeks a four (4) month extension for both deadlines.

In support of his motion, Defendant Chaudhri explains that he diligently propounded written discovery requests on Plaintiff a day after the discovery and scheduling order was issued in this case, and used Plaintiff's responses to prepare and serve subpoenas for Plaintiff's medical records shortly

4

thereafter. However, due to the dispute over Plaintiff's motion to quash those subpoenas, Defendant Chaudhri has been unable to move forward with defending this action, including by reviewing the requested records, propounding any additional necessary written discovery, and preparing and taking Plaintiff's deposition. In addition, Defendant Chaudhri has been unable to prepare a motion for summary judgment without completing discovery in this matter. Plaintiff opposes Defendant Chaudhri's motion on the grounds that he waited until "the last minute" to file it. (ECF No. 26, p. 1.)

Under Rule 16 of the Federal Rules of Civil Procedure, the court may modify the scheduling order in this case for "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992). Here, Defendant Chaudhri has shown both diligence and good cause for his request to extend the deadlines in the discovery and scheduling order. Contrary to Plaintiff's contention that Defendant Chaudhri waited until "the last minute" to act, Defendant Chaudhri attempted to conduct discovery in this matter in a timely fashion, and filed this motion to extend the deadlines shortly after Plaintiff's motion to quash was briefed, and over a month in advance of the relevant discovery deadline's expiration. As Defendant Chaudhri argues, this matter has been unable to move forward until the dispute over the subpoenas and the motion to quash was resolved, and now a reasonable amount of time is needed to complete the discovery in this matter and prepare dispositive motions. Defendant Chaudhri's requested deadline extensions are reasonable for permitting those matters to be completed.

Consequently, the requested extensions of time are GRANTED. The deadline for the completion of all discovery, including filing all motions to compel discovery, is **July 15, 2016**. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **November 11, 2016**.

IV. **Plaintiff's Motion to Compel Responses to Interrogatories**

Finally, Plaintiff moves to compel Defendant Chaudhri to further respond to nearly all 25 of Plaintiff's interrogatories, arguing that Defendant Chaudhri's responses were insufficient. (ECF No. 27.) Defendant Chaudhri opposes the motion, and argues it should be denied in its entirety. (ECF No. 28.)

### A. Legal Standard

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. See, e.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator. Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### B. Discussion

**Interrogatory Nos. 1 and 6:** Plaintiff requests that Defendant Chaudhri explain his medical training, degrees, and certifications, including to perform liver biopsy procedures in California. Plaintiff contends that Defendant Chaudhri's response is insufficient because he did not specify the hours, number of years, and dates of his training and schooling, as well as any specific training in sonogram guided liver biopsies.

Plaintiff's motion to compel a further response to this interrogatory is DENIED. Plaintiff did not specify in the interrogatories that he sought information regarding the hours, years, and dates of Defendant Chaudhri's training and schooling, or any information regarding specific training in sonogram guided liver biopsies. Since this detailed information was not specifically requested, it need not be provided.

///

**Interrogatories Nos. 2, 3 and 4:** In these interrogatories, Plaintiff seeks information regarding the liver biopsy procedures Defendant Chaudhri performed, including how many he had performed as of May 9, 2013, how many were performed on inmates other than Plaintiff on May 9, 2013, and how many were biopsied with more than one large bore biopsy needle. Plaintiff also seeks "written proof" of the procedures. In response, Defendant Chaudhri explained that as of May 9, 2013, he performed over 1,000 biopsy procedures in the prison system alone, and many more outside that system. Also, although Defendant Chaudhri could not recollect the exact numbers, he responded that he had done an average of 10-12 such biopsy procedures in May 2013, and that generally only one pass with an 18 gauge biopsy needle is typically used, but 3 passes are used for patients with advanced liver disease or harder liver structures. Defendant Chaudhri also objected to the interrogatories as irrelevant, unduly burdensome, and because they sought documents and information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and other privacy laws, among other grounds.

Plaintiff contends that the documentation he requests can be redacted to comply with HIPAA and other privacy laws. He further contends that Defendant Chaudhri should not be allowed to estimate in his responses and should be required to produce a more exact response.

Plaintiff's motion to compel further responses to these interrogatories is DENIED. The Court agrees with Defendant that the documentation Plaintiff seeks is not relevant to the claims or defenses here. Documentation regarding whether and what procedures were performed on other patients not involved in this matter is not relevant to whether Defendant Chaudhri was deliberately indifferent to Plaintiff's serious medical needs as alleged in this action. Furthermore, the undue burden of redacting and producing potentially 1,000s of medical records is outweighed by the irrelevancy of these documents to this action. Nor has Plaintiff shown that redactions would be sufficient to comply with HIPAA and any other relevant privacy laws, or protect the privacy rights of the non-parties here. Also, this request for documentation (and others discussed further below) is more properly made in a request for production, not an interrogatory. Finally, to the extent Plaintiff seeks information Defendant Chaudhri responded that he cannot recall, Plaintiff must accept the answer, as the Court cannot compel a person to remember information that has been forgotten.

**Interrogatory No. 5:**  Plaintiff seeks copies of 3 separately recorded sonogram guided liver biopsy procedures performed on him on May 9, 2013. Defendant Chaudhri objected that the documents were not in his possession, custody or control, and also he did not believe the sonogram images were kept by the California Department of Corrections and Rehabilitation ("CDCR") after the procedures were completed. Plaintiff disagrees that the relevant policy is to destroy or delete the images, and if they were deleted, he wishes to know why.

Plaintiff's request to compel a further response to this interrogatory is DENIED. Defendant Chaudhri cannot be compelled to provide documents that are not within his possession, custody, or control. See Fed. R. Civ. P. 34(a)(1). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). Defendant Chaudhri indicated that he did not think the requested images were retained, but to the extent that they still exist, he suggests they are in the possession, custody, or control of CDCR, a non-party. Regardless, Defendant Chaudhri has indicated they are not in his possession, custody, or control, and he further explains that as an independent contractor, he does not have a right to obtain the information. Plaintiff has not met his burden of demonstrating that this objection is invalid.

Pro se parties may be entitled to the issuance of a subpoena commanding the production of documents from a non-party, subject to certain requirements. Fed. R. Civ. P. 26(b), 34(c), 45. The Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff. See Fed. R. Civ. P. 34. If Plaintiff seeks this information or documents, he must obtain it through the proper procedure and from the proper person or entity.

**Interrogatory No. 9:**  In this request, Plaintiff seeks in part Defendant Chaudhri's full name, but Defendant did not provide his first name in the response. He objects that the information is in Plaintiff's medical records and is thus equally available to Plaintiff. The Court "will not compel the defendant to produce documents that are equally available to plaintiff in his medical file or central file." Walker v. Karelas, No. CIVS-07-2545 MCEDADP, 2009 WL 3075575, at *2 (E.D. Cal. Sept. 21, 2009). Thus, Plaintiff's motion to compel this information is DENIED.

///

**Interrogatories Nos. 10 and 11:** These requests seek information about conversations between Plaintiff and Defendant Chaudhri, and although Defendant responded, Plaintiff disagrees with his version of events, calling parts of the responses "untrue" and a "complete fabrication." (ECF No. 27, p. 4.) Plaintiff seeks an order directing Defendant Chaudhri to rethink his responses and provide "an answer a lot closer to the true events." (Id.) Plaintiff's disagreement with Defendant Chaudhri's responses is not a valid grounds for a motion to compel, and his motion is thus DENIED.

**Interrogatories Nos. 13, 14, 15, 16, 21, 22, 23 and 24:** These requests seek the identity of various CDCR and hospital personnel who may have witnessed or have knowledge of the events at issue here. Defendant Chaudhri responded that he does not have this information in his possession, custody or control, and suggests Plaintiff issue appropriate subpoenas to CDCR or the hospitals that have the information.

Plaintiff seeks an order directing Defendant Chaudhri to obtain the information and produce it. As noted above, Defendant Chaudhri cannot be compelled to provide documents that are not within his possession, custody, or control. See Fed. R. Civ. P. 34(a)(1). Thus, Plaintiff's motion to compel a further response to these interrogatories is DENIED.

**Interrogatory No. 17:** Plaintiff seeks a list of all medications he was given or administered on May 10, 2013 to May 22, 2013. Defendant Chaudhri objected on the grounds that the information is not within his possession, custody, or control. As a result, Plaintiff's motion to compel this response is DENIED. See Fed. R. Civ. P. 34. Plaintiff states that Defendant Chaudhri should at least be ordered to state whatever medication he provided Plaintiff on May 9, 2013, but as Defendant appropriately argues, that information is not requested in the interrogatory.

**Interrogatories Nos. 18, 19 and 20:** Plaintiff seeks information and documentation, including blood logs, regarding treatments he received at Catholic Charities Hospital in Bakersfield from May 10, 2013 through May 22, 2013, and while he was at Corcoran State Prison, from May 9, 2013 through May 10, 2013. Defendant Chaudhri objected on the grounds that the information is not within his possession, custody, or control, and explains that he had no involvement in Plaintiff's medical care other than the May 9, 2013 biopsy, and no authority to request the records Plaintiff seeks, including from non-parties with which he is not affiliated.

Once again, Plaintiff argues Defendant Chaudhri or defense counsel should be ordered to obtain this information and produce it to him. The Court will not do so, as seeking the discovery necessary for Plaintiff to prosecute his case is his responsibility. Since Plaintiff has not met his burden of showing these objections are invalid, Plaintiff's motion to compel responses to these interrogatories is DENIED.

**V.     Conclusion and Order**

For the reasons stated above, the Court HEREBY ORDERS:

1.     Plaintiff's motion to quash Defendant Chaudhri's subpoenas for his medical records, (ECF No. 23), is DENIED;

2.     Defendant Chaudhri's motion to modify the discovery and scheduling order in this matter, (ECF No. 25), is GRANTED;

   a.     The deadline for the completion of all discovery, including filing all motions to compel discovery, is **July 15, 2016**. Absent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel;

   b.     The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **November 11, 2016**;

   c.     Any request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause;

3.     Plaintiff's motion to compel interrogatory responses, (ECF No. 27), is DENIED;

4.     Defendants are admonished that they may not rely on any documents or information, at either the summary judgment or trial stage of these proceedings, for which they have claimed to lack "possession, custody or control." Failure to abide by this admonishment may result in the imposition of sanctions; and

5.     The parties are reminded of their continuing obligation to timely supplement or correct responses to interrogatories, requests for production or requests for admission if they "learn[] that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or

corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

IT IS SO ORDERED.

Dated:   **March 16, 2016**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE