# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM THOMAS COATS, | Case No. 1:13-cv-02032-AWI-BAM (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| MUHAMMAD CHAUDHRI, et al., | (ECF No. 10) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff William Thomas Coats ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

**I.    Procedural Background and <u>Williams v. King</u>**

On October 9, 2014, the Court screened Plaintiff's complaint and found that he stated a cognizable claim against Defendant Chaudhri and John Doe emergency medical staff at the prison for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 8.) After Plaintiff notified the Court that he wished to proceed only on the claims found cognizable, the Court dismissed all other claims and defendants from this action. (ECF Nos. 9, 10.) This case has proceeded on Plaintiff's deliberate indifference to serious medical needs claims against Defendants Chaudhri and John Doe emergency medical staff.

///

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Ninth Circuit held that a Magistrate Judge does not have jurisdiction to dismiss a case during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, all Defendants were not yet served at the time that the Court screened the complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because all Defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to the District Judge that the non-cognizable claims be dismissed.

Finally, as the parties are aware, the litigation in this case has proceeded through several stages since the complaint was screened in October 2014. On September 22, 2017, the District Judge issued an order adopting the undersigned's findings and recommendations, granting Defendant Chaudhri's motion for summary judgment and entering judgment in favor of Defendant Chaudhri and against Plaintiff. (ECF No. 51.) In addition, Plaintiff has since identified the John Doe Defendants as Defendants Convalecer, Fairchild, Gladden, Gundran, and Nguyen, who have not yet been served. (ECF No. 47.) The Court clarifies for the parties that the instant findings and recommendations only address the claims and defendants which were previously dismissed from this action on October 9, 2014.

**II.     Findings and Recommendations on Complaint**

      **A.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Los Angeles. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison, Corcoran. Plaintiff names the following defendants: (1) Dr. Muhammed Chaudhri; (2) Dr. Sao; and (3) John Doe doctors and nurses.

Plaintiff alleges: Dr. Sao, a primary care provider, told Plaintiff that he could not receive treatment for hepatitis-C without a liver biopsy. Although other doctors had told Plaintiff that he did not need a liver biopsy, Plaintiff agreed so that he could get treatment to repair his liver. Dr. Sao scheduled Plaintiff for a liver biopsy at the ACH prison hospital.

On May 9, 2013, Plaintiff was ushered into the pre/post-op area of the prison hospital after 1:00 p.m. He was placed in a hospital gown, handcuffed to a gurney and hooked up to an IV bag.

3

Plaintiff was informed that he would be struck with the liver biopsy needle a single time. Plaintiff alleges that he was punctured by Dr. Chaudhri with the biopsy needle three separate times within a 90 second to 2 minute period. Dr. Chadhri was viewing the procedure through a sonogram machine.

When Dr. Chaudhri first withdrew the livery biopsy needle, he exclaimed "Oh shoot." Dr. Chaudhri raised the needle to show Plaintiff that there was a small piece of liver tissue hanging out of the first inch of the long bore liver needle and no sample in the clear tube. Dr. Chaudhri told Plaintiff that he did not extract enough for a viable sample. Without asking if Plaintiff would like to proceed, Dr. Chaudhri grabbed a back-up liver needle and ripped open the packaging. He forced the second needle into Plaintiff's liver, which caused Plaintiff to feel pain in his testicles all the way to his right collarbone area. Plaintiff screamed loudly and asked if this was normal. Dr. Chaudhri then withdrew the second needle and made some inaudible sounds. Dr. Chaudhri then exclaimed, "I have done thousands of these and this has never happened!!!" Dr. Chaudhri panicked and started yelling orders at the two nurses present to give him another needle out of the cabinet. A nurse tossed a third needle to Dr. Chaudhri, who ripped open the sterile packaging. Dr. Chaudhri then buried the third needle into Plaintiff's liver. The pain was unbearable and Plaintiff screamed and begged Dr. Chaudhri to stop. When Dr. Chaudhri extracted the third needle, it was completely filled with liver sample. Dr. Chaudhri then put pressure on Plaintiff's side and repeatedly wiped it. Plaintiff asked if he was still bleeding because he was beginning to feel nauseated, lightheaded and dizzy. Dr. Chaudhri pointed to the monitor and stated that all bleeding had stopped.

Plaintiff was wheeled to the post-area where his vitals were taken. Although his blood pressure was spiking, the nurse told Plaintiff it was normal. Plaintiff was then dressed and escorted back to B-Facility Yard. Plaintiff and another inmate were taken to the work change area to strip for security reasons. While Plaintiff was disrobed, the other inmate pointed to Plaintiff's pressure bandage and said, "Look." When Plaintiff looked down, his bandage was soaked in blood. The blood also was seeping out of the edge of the bandage and running down Plaintiff's outer thigh. Plaintiff alerted the tower officer, who told Plaintiff to report to the B-

Facility Medical Clinic. Plaintiff staggered to the clinic. A nurse took Plaintiff's vitals and Plaintiff was wheeled back to the hospital emergency room. At the hospital, Plaintiff was placed in a large observation room, but emergency staff ignored his cries of pain. Plaintiff was returned to his prison cell around 9:00 p.m. after being told that there was nothing wrong with him.

Although various night counts were done, none of the officers questioned why Plaintiff was on the floor of his cell in his underwear. The following morning, Plaintiff tried to sit up and then threw up. Plaintiff alerted his cellie and told him to call "man down." Plaintiff was dragged out of the cell and taken by ambulance to the Catholic Charities Hospital in Bakersfield. Plaintiff was taken to the operating room for emergency surgery to repair his liver. Plaintiff spent two days in intensive care and ten days total in the hospital.

Plaintiff seeks compensatory and punitive damages.

**C.    Discussion – Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

At the pleading stage, the Court finds that Plaintiff has stated a cognizable deliberate indifference claim against Defendant Dr. Chaudhri. Deliberate indifference may be manifested in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); see also Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996) (deliberate indifference may be inferred based upon a medical professional's erroneous treatment when the decision is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible did not base the decision on such judgment).

The Court also finds that Plaintiff has stated a cognizable claim for deliberate indifference to serious medical needs against the John Doe emergency medical staff at the prison arising from Plaintiff's return to the prison emergency room, placement in an observation room and failure to respond to his pain.

However, Plaintiff has failed to state a cognizable deliberate indifference claim against Dr. Sao arising from the referral for a liver biopsy. A difference of opinion between a physician and a prisoner concerning medical treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm v. Rotman, 680 F.3d at 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).

### III. Conclusion and Order

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's deliberate indifference claims against Defendant Sao be dismissed from this action for the failure to state a claim upon which relief may be granted; and
2. Defendant Sao be dismissed from this action for the failure to state any cognizable claims for relief against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 18, 2017**          /s/ *Barbara A. McAuliffe*          
                                                     UNITED STATES MAGISTRATE JUDGE