# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THOMAS COATS,<br><br>        Plaintiff,<br><br>   v.<br><br>CHAUDHRI, et al.,<br><br>        Defendants. | Case No. 1:13-cv-02032-AWI-BAM (PC)<br><br>ORDER DISCHARGING JANUARY 22, 2018 ORDER TO SHOW CAUSE (ECF No. 67)<br><br>SECOND ORDER DIRECTING SERVICE OF PROCESS BY UNITED STATES MARSHAL ON DEFENDANTS CONVALECER AND GUNDRAN |

Plaintiff William Thomas Coats ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.

On November 6, 2017, the Court ordered the United States Marshal to initiate service of process in this action upon Defendants Convalecer, Fairchild, Gladden, Gundren, and Nguyen. (ECF No. 57.) However, the Marshal was unable to locate Defendants Convalecer and Gundran and service was returned unexecuted for these defendants on January 11, 2018. The returns of service for both defendants indicate that the Marshal sent waivers via Fedex on November 13, 2017, and on January 11, 2018 was informed that they were unable to serve the defendants, and no forwarding information was available from the institution. (ECF Nos. 63, 64.)

On January 22, 2018, the Court issued an order for Plaintiff to show cause why Defendants Convalecer and Gundran should not be dismissed from this action under Federal Rule of Civil Procedure 4(m) for failure effectuate service. (ECF No. 67.) On February 2, 2018,

1

Plaintiff responded, contending that he provided sufficient information for service and believes that the California Department of Corrections and Rehabilitation and Corcoran State Prison have information regarding Defendants' last known addresses or contact information. (ECF No. 69.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). A pro se litigant proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint. *See, e.g., Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Accordingly, delays or failures to effectuate service attributable to the Marshal are "automatically good cause within the meaning of Rule 4[m].'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995) (citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Having considered Plaintiff's response to the show cause order, the Court finds that Plaintiff provided accurate and sufficient information to identify Defendants Convalecer and Gundran, but that the Marshal was unable to serve these defendants only because they apparently no longer work at Corcoran State Prison. However, the return of service form does not identify the avenues the United States Marshal utilized, beyond sending the waivers via Fedex, in order to attempt service on Defendants Convalecer and Gundran. The Court's initial order directing service by the United States Marshals Service expressly directed that if the litigation officer at the institution was unable to assist in identifying and/or locating defendants, then the Marshals service should contact the Legal Affairs Division of CDCR and request the assistance of a Special

Investigator. The Marshals Service also was directed to maintain the confidentiality of all information provided by CDCR pursuant to the service order. (ECF No. 18.)

It is not apparent from the return of service form that the United States Marshals Service contacted the Litigation Officer at Corcoran State Prison or the Legal Affairs Division of CDCR prior to returning service unexecuted. The Court will direct the United States Marshal to attempt re-service on Defendants Convalecer and Gundran and seek the assistance of the Legal Affairs Division of CDCR in attempting to locate these defendants. *See Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (While a "state prison may be justifiably reluctant to provide employee addresses to a prisoner … due to security concerns, it hardly can claim the same reluctance in providing the information to a federal law enforcement agency."). If the privacy of a defendant's forwarding addressed can be preserved, then Plaintiff is entitled to rely on the United States Marshal to effect service upon Defendants Convalecer and Gundran on his behalf. *See Puett*, 912 F.2d at 273. However, any forwarding addresses of Defendants Convalecer and Gundran shall not appear on any USM-285 form, shall not be made available to Plaintiff under any circumstances, and shall not be made part of this Court's record. If the United States Marshal is unable to locate Defendants Convalecer and Gundran, then the Marshal shall document on the USM-285 forms all avenues that were exhausted in attempting to locate these defendants.

Accordingly, the Marshal is HEREBY DIRECTED to attempt re-service on Defendants Convalecer and Gundran. Pursuant to Federal Rule of Civil Procedure 4(c), it is HEREBY ORDERED that:

1. The Court's January 22, 2018, order to show cause, (ECF No. 67), is DISCHARGED;
2. The Clerk of the Court is directed to forward a copy of the following documents to the United States Marshal:
    a. Two copies of the complaint filed on December 12, 2013 (ECF No. 1), plus an extra copy for the Marshals Service;
    b. Two copies of this order, plus an extra copy for the Marshals Service;
    c. A copy of the USM-285 form as to Defendant Convalecer, (ECF No. 63);
    d. A copy of the USM-285 form as to Defendant Gundran (ECF No. 64); and

3. Within ten days from the date of this order, the Marshals Service is directed to notify the following Defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):
   a. **RN A. Gundran**
   b. **Dr. Convalecer**
4. The Marshals Service is directed to retain the summonses and a copy of the complaint in its file for future use.
5. The Marshals Service shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.
6. If a waiver of service is not returned by either defendant within sixty (60) days of the date of mailing the request for waiver, the Marshals Service shall:
   a. Personally serve process and a copy of this order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), and shall command all necessary assistance from CDCR to execute this order. The Marshals Service shall maintain the confidentiality of all information provided by the CDCR pursuant to this order. In executing this order, the Marshals Service shall contact the Litigation Officer at Corcoran State Prison or the Legal Affairs Division of CDCR and request the assistance of a Special Investigator if the Litigation Office at the institution is unable to assist in identifying and/or locating either defendant.
   b. Within ten days after personal service is effected, the Marshals Service shall file the return of service for the defendant(s), along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant(s). Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service

| | |
|---|---|
| 1 | will be taxed against the personally served defendant(s) in accordance with the |
| 2 | provisions of Fed. R. Civ. P. 4(d)(2). |

7. If defendants waive service, they are required to return the signed waivers to the Marshals Service. The filing of an answer or a responsive motion does not relieve the defendants of this requirement, and the failure to return the signed waivers may subject defendants to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).

IT IS SO ORDERED.

Dated: **February 9, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE