# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THOMAS COATS, | Case No. 1:13-cv-02032-AWI-BAM (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (ECF No. 76) |
| CHAUDHRI, et al., | ORDER GRANTING DEFENDANTS' MOTIONS FOR MORE DEFINITE STATEMENT |
| Defendants. | (ECF No. 66, 71) |
| | ORDER DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT |
| | **THIRTY (30) DAY DEADLINE** |

## I. Background

Plaintiff William Thomas Coats ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on December 12, 2013. Following screening of the complaint, the Court found that Plaintiff stated claims against John Doe emergency medical staff at the prison for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 10.) On September 21, 2017, Plaintiff identified the John and Jane Doe Defendants as: RN Fairchild, RN A. Gundran, RN Gladden, Dr. Nguyen, and Dr. Convalecer. (ECF No. 47.) The Court ordered the United States Marshal to initiate service of process on these defendants on November 6, 2017. (ECF No.

57.)

On November 13, 2017, the Marshal mailed waivers of service of summons to all Defendants. On January 11, 2018, the Marshal filed executed waivers of service for Defendants Gladden and Nguyen. (ECF No. 65.) The Marshal filed returns of service unexecuted as to Defendants Convalecer and Gundran, (ECF Nos. 63, 64), and on February 12, 2018, the Court ordered the Marshal to attempt re-service on these defendants, (ECF No. 70).

On January 12, 2018, Defendants Gladden and Nguyen timely filed a motion for more definite statement. (ECF No. 66.) Defendants Convalecer and Gundran joined in the motion on March 23, 2018, (ECF No. 71), and waivers of service were returned for these defendants shortly thereafter. (ECF No. 72).

On June 1, 2018, a waiver of service was returned for Defendant Fairchild, signed by counsel John C. Bridges. (ECF No. 74.) As noted above, the waiver was mailed to Defendant Fairchild on November 13, 2017, together with the waivers for the other defendants. Pursuant to Federal Rule of Civil Procedure 4(d)(3), Defendant Fairchild's answer or response to the complaint was due on or before January 12, 2018.

Following Defendant Fairchild's failure to join the pending motions for more definite statement, respond to the complaint, or otherwise communicate with the Court, on June 15, 2018, the Court issued an order requiring Defendant Fairchild to show cause within thirty days why default should not be entered. (ECF No. 76.) Rather than filing a response to the order, Defendant Fairchild, jointly with Defendants Convalecer, Gladden, Gundran, and Nguyen, filed an answer to the complaint.[1] (ECF No. 77.)

Defendants' motions for more definite statement are currently before the Court. Plaintiff has not filed an opposition or otherwise responded to the motions, and the deadlines to do so have expired. The motions are deemed submitted. Local Rule 230(l).

///

---

[1] Although Defendant Fairchild has not explained to the Court her failure to join in the pending motions for more definite statement or to timely respond to the complaint, the Court finds it appropriate to discharge the June 15, 2018 order to show cause. By filing an answer to the complaint, Defendant Fairchild has appeared and demonstrated an intent to defend this action. In addition, as discussed below, Plaintiff will be required to submit a first amended complaint, and the timeliness of the current answer is now moot.

## II. Motion for a More Definite Statement – Federal Rule of Civil Procedure 12(e)

A Rule 12(e) motion for a more definite statement is proper when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a). Fed. R. Civ. P. 8(a)(2) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief.")

Defendants argue that Plaintiff's allegations against the five former John Doe Defendants, now identified, are too vague and ambiguous for them to prepare a response. Specifically, the moving defendants do not know what allegations are made against each of them, and contend that they are unable to admit or deny the allegations without a more definite statement of the claim. Defendants have identified the following specific allegations against the former Doe Defendants in the complaint, as well as the specific clarification requested for each allegation:

| **Complaint Page and Line Number** | **Content of Requested Amendment** |
|---|---|
| Page 3D, Lines 16-19 | Clarification of whether the "nurse" identified in this sentence of the complaint is one of the Doe defendants, and if so, which one. |
| Page 3E, Lines 11-12 | Clarification of whether the "nurse" identified in this sentence of the complaint is one of the Doe defendants, and if so, which one. |
| Page 3E, Lines 15-17 | Clarification of whether the "they" identified in this sentence of the complaint is one or more of the Doe defendants, and if so, which one(s). |
| Page 3E, Lines 19-25 | Clarification of whether the "they" and/or "nurse" identified in these lines of the complaint is one or more of the Doe defendants, and if so, which one(s). |
| Page 3E, Lines 27-28 | Clarification of whether the "cop" identified in this sentence of the complaint is one or more of the Doe defendants, and if so, which one(s). |
| Page 3G, Lines 14-17 | Clarification of whether the "Corcoran State Prison Emergency Room Staff" identified in this sentence of the complaint is one or more of the Doe defendants, and if so, which one(s). |

| Page 3H, Lines 21-26 | Clarification of whether the "Doctors & nurses on duty on 3rd watch" identified in this sentence of the complaint is one or more of the Doe defendants, and if so, which one(s). |
|---|---|
| Page 3H, Lines 26-27 | Clarification of whether the "Medical" identified in this sentence of the complaint is one or more of the Doe defendants, and if so, which one(s). |

(ECF Nos. 66-1, pp. 2–3; 71-1, pp. 2–3.)

As noted above, Plaintiff has not filed an opposition or response to either motion.

### III. Discussion

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that

a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

The Court screened Plaintiff's complaint and found that he stated a cognizable claim for deliberate indifference to serious medical needs against the John Doe emergency medical staff at the prison arising from Plaintiff's return to the prison emergency room, placement in an observation room and failure to respond to his pain. (ECF No. 8, p. 5.)

Defendants' argument that Plaintiff's allegations in the complaint are vague and ambiguous has merit. While the Court found that Plaintiff's allegations were sufficient to state a claim against the unidentified emergency medical staff, Defendant reasonably finds the allegations ambiguous as to which of the five identified defendants actually participated in which conduct. Further, Defendants raise the issue of linkage between each defendant and the alleged violation, not simply a mere lack of detail obtainable during discovery. Therefore, Defendants' motion for a more definite statement shall be granted.

**IV.     Conclusion and Order**

Although Federal Rule of Civil Procedure 12(e) does not require the filing of an amended complaint, the Court finds that it would be more effective for this action to proceed on a single pleading. Therefore, Plaintiff will be required to file a first amended complaint which clarifies the allegations in the original complaint to specifically identify which of the remaining named defendants participated in or failed to participate in which conduct, as set forth in this order and Defendants' motions for more definite statement.

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678–79. Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty, 593 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The June 15, 2018 order to show cause, (ECF No. 76), is DISCHARGED;
2. Defendants' motions for a more definite statement, (ECF Nos. 66, 71), are GRANTED;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint;
4. Defendants' response to the first amended complaint is due within **twenty-one (21) days** from the date of filing in CM/ECF; and
5. **Failure to comply with this order shall result in a recommendation that this case be dismissed.**

IT IS SO ORDERED.

Dated: **July 9, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE